

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2007

# Tucker v. County of Bucks

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2215

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Tucker v. County of Bucks" (2007). *2007 Decisions.* Paper 1425.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1425

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2215

JAMES A. TUCKER, INDIVIDUALLY
AND ON BEHALF OF ALL OTHER
PERSONS SIMILARLY SITUATED

v.

THE COUNTY OF BUCKS;
THE DOMESTIC RELATIONS
SECTION OF BUCKS COUNTY;
THE BOARD OF COMMISSIONERS
OF BUCKS COUNTY;
THE COURT OF COMMON PLEAS
OF BUCKS COUNTY

James A. Tucker,
                                                                Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-02881)
Honorable Timothy J. Savage, District Judge

Submitted under Third Circuit LAR 34.1(a)
March 15, 2007

BEFORE:  FUENTES, GREENBERG, and LOURIE,* Circuit Judges

*Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

OPINION OF THE COURT

GREENBERG, <u>Circuit</u> <u>Judge</u>.

This matter comes on before the court on an appeal from an order of the district court entered March 7, 2006, dismissing this case on the grounds that it is moot. Even though the order dismissing the action succinctly described why the case was moot, after the plaintiff appealed the court filed a memorandum opinion dated April 20, 2006, explaining the reasons for its decision at greater length. <u>See</u> <u>Tucker v. County of Bucks</u>, No. 05-2881, 2006 WL 1071571 (E.D. Pa. Apr. 20, 2006).

The facts of the complaint are not complex and are well known to the parties. The plaintiff James A. Tucker brought this action against the County of Bucks, Pennsylvania, and certain other defendants associated with the county. We refer collectively to the defendants as Bucks County. The case arose out of an underlying child custody action Tucker brought in the Court of Common Pleas of Bucks County against his wife in which Tucker sought custody of their three minor children. In the course of proceedings in the common pleas court a master recommended that the parents obtain a professional custody evaluation. As it happened the Tuckers were indigent for purposes of obtaining the evaluation but they each qualified for a county subsidy to help pay for its cost. An organization called the Court Conciliation and Evaluation Service ("CCES") was to perform the evaluation as it regularly performed that service for the courts in Bucks

County and the court denied Tucker's application to obtain a private evaluation with the public subsidy.

Tucker did not appeal from the order denying his application to seek a private evaluation but rather was willing to have CCES make the evaluation. But he objected to a requirement that he waive the right to call CCES professionals as witnesses in the custody proceeding as a condition for the evaluation. The court, however, overruled his objection and required him to sign a consent and waiver by which he consented to CCES making the evaluation and "waive[d] the right to subpoena the person who prepares the report to a deposition or testify in court." App. at 154. Tucker signed the consent and waiver over objection and CCES made the evaluation. Subsequently, Tucker and his wife settled the custody case which has been terminated, though perhaps not formally dismissed. Consequently, Tucker had no occasion to attempt to call a CCES professional as a witness.

As the state proceedings were going forward, and before the Tuckers settled their custody case, Tucker brought this 42 U.S.C. § 1983 district court action challenging the Bucks County requirement for the waiver of examination rights on Fourteenth Amendment due process grounds. But when the Tuckers settled the state case, Bucks County moved to dismiss the section 1983 action on the grounds that the case was moot. The district court granted the motion and this appeal followed. We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review as the question of whether a case is moot is resolved as a matter of law. See United States v. Sczubelek, 402 F.3d 175, 178

3

(3d Cir. 2005); Artway v. Attorney General, 81 F.3d 1235, 1245 (3d Cir. 1996).

The district court said it all when it wrote that "[t]his case is moot because the plaintiff's custody action has been resolved." Tucker, 2006 WL 1071571, at *2. It is true that Tucker brought the action as a class action, but the district court held that the class action character of the action did not matter because Tucker never moved for class certification. Tucker does not challenge that determination either as a matter of fact or of law and, in any event, it was correct. Lusardi v. Xerox Corp., 975 F.2d 964, 974 n.16 (3d Cir. 1992).

As the district court noted, federal courts have jurisdiction only in actual "cases and controversies." See Sczubelek, 402 F.3d at 178. Here, whatever Tucker may think, the controversy in a legal sense is over and the case is moot. While he contends "that his claims are not moot because defendants' policy and practice is continuing and is likely to impact him in the future," appellant's br. at 4, that assertion is a complete speculation. Clearly, the issue cannot arise again unless there is a confluence of several circumstances: (1) there is further custody litigation between the Tuckers; (2) the litigation is in Bucks County; (3) the Bucks County custody evaluation policy remains in effect; and (4) Tucker is indigent at the time of the hypothetical litigation. No one possibly can know that those circumstances will come together.

We also point out that if there is renewed custody litigation between the Tuckers and all the contingencies that we have mentioned are met, Tucker may make an objection to being required to sign the waiver at that time. But in the meantime, there is no case or

4

controversy and this case is moot. The district court correctly dismissed it.

For the foregoing reasons the order of dismissal entered March 7, 2006, will be affirmed.

———————